UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

REX GAINEY,

    Petitioner,

v.                                          Case No. 3:21-cv-736-LC-MJF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Rex Gainey has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 8. Gainey opposes the motion. Doc. 12. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Gainey's petition should be dismissed as untimely.[1]

### I. Background and Procedural History

In Okaloosa County Circuit Court Case No. 2015-CF-1955, Gainey was charged with seven crimes: (1) Attempted First-Degree Felony Murder of Wilma

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Edge with actual possession and discharge of a firearm causing great bodily harm (Count 1); (2) Attempted First-Degree Felony Murder of Charles Voneberstein with actual possession and discharge of a firearm (Count 2); (3) Attempted First-Degree Felony Murder of Richard Austin with actual possession and discharge of a firearm (Count 3); (4) Burglary of a Dwelling with actual possession and discharge of a firearm (Count 4); (5) Attempted First-Degree Premeditated Murder of Richard Austin with actual possession and discharge of a firearm (Count 5); (6) Attempted First-Degree Premeditated Murder of Wilma Edge with actual possession and discharge of a firearm causing great bodily harm (Count 6); and (7) Resisting a Law Enforcement Officer Without Violence (Count 7). Doc. 8-1, Ex. A at 84-86.[2]

The jury found Gainey guilty of each count as charged. Doc. 8-3, Ex. C at 467-73 (Verdict). However, the guilty verdicts for Counts 1 and 3 were vacated, and those charges were dismissed, based on double jeopardy as to the convictions on Counts 5 and 6. Doc. 8-6, Ex. H at 757-60 (Trial Tr.); Doc. 8-3, Ex. C at 488-93 (Judgment).

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. Doc. 8. The court cites the docket entry number followed by the lettered exhibit and the page number of the original document. If a page of a document bears more than one page number, the court cites the Bates stamp number appearing at the bottom center of the page.

The trial court adjudicated Gainey guilty of Counts 2, 4, 5, 6 and 7, and sentenced him on each of Counts 2, 4, 5 and 6 to life imprisonment with a mandatory minimum of 20 years of imprisonment, with all terms to run consecutively. Doc. 8-3, Ex. C at 488-93 (Judgment). The trial court sentenced Ganey to "time served" on Count 7. *Id*. The Florida First District Court of Appeal ("First DCA") affirmed on April 11, 2018, *per curiam* and without written opinion. *Gainey v. State*, 244 So. 3d 208 (Fla. 1st DCA 2018) (Table) (copy at Doc. 8-7, Ex. M). Gainey's motion for rehearing was denied on May 24, 2018. Doc. 8-7, Ex. N.

On June 2, 2019, Gainey filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Doc. 8-7, Ex. O (Mot. for Postconviction Relief); Doc. 8-8, Ex. Q at 17-65 (Am. Mot. for Postconviction Relief). The state circuit court denied relief. Doc. 8-8, Ex. Q at 240-597. The First DCA affirmed *per curiam* and without written opinion. *Gainey v. State*, 309 So. 3d 211 (Fla. 1st DCA 2021) (Table) (copy at Doc. 8-9, Ex. T). The mandate issued January 26, 2021. *Id*.

Gainey filed his *pro se* federal habeas petition on May 3, 2021. Doc. 1 at 26. Gainey's petition raises ten claims: six claims from his direct appeal and four claims from his Rule 3.850 proceeding. *Id*. at 5-21. The State asserts that Gainey's petition is time-barred. Doc. 8.

## II. Discussion

A. <u>**Gainey's Petition Is Untimely**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Gainey's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Gainey does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Gainey's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Gainey's judgment became final on August 22, 2018—ninety days after the First DCA denied rehearing in his direct appeal—because that is when Gainey's time for filing a *certiorari* petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires."); Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed. . . . But if a petition for rehearing is timely

filed in the lower court by any party, . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing.").

The federal habeas limitations period began to run one day later, on August 23, 2018, and expired one year later on August 23, 2019, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Gainey allowed 283 days of the limitations period to run before filing his Rule 3.850 motion on June 2, 2019. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled from June 2, 2019 (the date it was filed) until January 26, 2021 (the date the mandate issued in Gainey's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations clock started running again on January 27, 2021, and expired 82 days later on April 19, 2021.[3] Gainey's petition, filed on May 3, 2021, is untimely by 14 days. Gainey concedes that his petition was filed 14 days late. Doc. 12 at 1.

**B.** **<u>Gainey Is Not Entitled To Equitable Tolling</u>**

Gainey asserts that he is entitled to equitable tolling "due to inaccessibility to the prison law library because of the Corona-Virus (COVID-19)." Doc. 1 at 25.

**1.** *Equitable Tolling Standard*

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Regarding the first prong of the equitable tolling standard, the Eleventh Circuit has held that "[t]he burden of proving circumstances that justify the

---

[3] The 365th day of the limitations period fell on August 18, 2021, but because that day was a Sunday, Gainey had until the next day, Monday, August 19, 2021, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(3).

application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. The petitioner must allege more than conclusory allegations, *id.* at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id*. at 1267.

Regarding the diligence prong, the Supreme Court has clarified that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations and quotation marks omitted).

### 2.    *Lack of Extraordinary Circumstances for Equitable Tolling*

Gainey asserts that he required the assistance of an inmate law clerk to file his § 2254 petition because his academic competence as assessed by the Florida Department of Corrections Test of Adult Basic Education "scored out at an average of a 5.4 grade level." Doc. 12 at 2 & Ex. A. Accordingly, Gainey maintains, the FDC was required to provide him with research assistance from an inmate law clerk. *Id*. at 2. Gainey states that the prison law library at his prison (Graceville Correctional Institution) restricted access to the law library due to COVID-19. With regard to the specific time period at issue here, January 27, 2021 – April 19, 2021, Gainey indicates that the law library schedule was as follows:

October 26, 2020 to March 3, 2021

> Law Library resumed operating with allowing inmates who had verified deadlines only, with one hour per session and remaining segregated.
>
> March 3, 2021 to August 2, 2021
>
> Law Library resumed normal operation (still segregated by dorm), however, only five days per week, one hour per session (Monday – Friday).

Doc. 12 at 4. Gainey also provides a general discussion of the effects of the COVID-19 pandemic "on prisons across the country." *Id*. at 4-5.

Gainey's bare assertions of restrictions on access to the law library during the COVID-19 pandemic are unavailing. Notably, the claims raised in his petition are identical to those he presented with the assistance of counsel in his direct appeal and in his Rule 3.850 proceeding. *See* Doc. 1 at 5-21; Doc. 8-7, Ex. J (Counseled Am. Initial Br. – Direct Appeal); Doc. 8-8, Ex. Q at 17-65 (Counseled Am. Rule 3.850 Mot.); Doc. 8-9, Ex. R (Counseled Initial Br. – Postconviction Appeal). Gainey has not demonstrated why he required the assistance of an inmate law clerk, or access to a law library, to copy his state-court claims onto the § 2254 petition form.

Gainey also fails to explain how the restrictions on access to the law library impeded him from filing his habeas petition by April 19, 2021, but enabled him to file his petition on May 3, 2021. "[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such

impediments prevented the timely filing of the petition, does not establish extraordinary circumstances." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014); *see also, e.g., Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that prisoner's bare assertion regarding lack of library access were conclusory and failed to establish entitlement to equitable tolling); *Holland*, 560 U.S. at 649 (stating that lack of access to a law library is not an "extraordinary circumstance" justifying equitable tolling).[4]

### 3.  *Gainey Fails To Establish That He Exercised Diligence*

Gainey also fails to carry his burden of proving the diligence required for this court to grant equitable tolling. Gainey alleges no facts suggesting that he ever

---

[4] Courts in this District uniformly have rejected equitable tolling based on general allegations of Covid-19 restrictions. *See Hamilton v. Inch*, No. 3:20cv5967-LC-HTC, 2021 WL 4254941, at *3-4 (N.D. Fla. June 23, 2021) (denying equitable tolling where petitioner failed to explain how COVID-19 restrictions impeded his ability to file a timely petition), *report and recommendation adopted*, 2021 WL 4244282 (N.D. Fla. Sept. 17, 2021); *Harris v. Inch*, No. 3:20-cv-5890-MCR-MJF, 2021 WL 2384567, at *4 (N.D. Fla. Apr. 23, 2021) ("Harris does not show a causal connection between the lockdown and his ability to file his § 2254 petition by July 31, 2020."), *report and recommendation adopted*, 2021 WL 2383719 (N.D. Fla. June 10, 2021); *Hanf v. Inch*, No. 4:20cv330/TKW/EMT, 2021 WL 1251854, at *1 (N.D. Fla. Apr. 5, 2021) ("With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the prison law library "from [February 26, 2020] until and beyond March 31st" hampered his ability to timely file his petition."); *Webster v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-5727-MCR-MJF, 2021 WL 1566848, at *4 (N.D. Fla. Mar. 29, 2021) ("Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2021 WL 1564321 (N.D. Fla. Apr. 21, 2021).

attempted to file his § 2254 petition within the limitations period, much less that he diligently pursued relief. *See Dodd v. United States*, 365 F.3d 1273, 1283-84 (11th Cir. 2004) (holding that prisoner who claimed he was transferred to a different facility for over ten months without his legal property was not entitled to equitable tolling of the § 2255 limitations period; he presented no evidence that he undertook any action that would suggest reasonable diligence under the circumstances). Gainey's failure to show that he exercised diligence is fatal to his equitable tolling argument. *See Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) ("Under our law, Myers's failure to allege that he took any steps to attempt to advance or monitor his case is fatal to his equitable tolling argument."); *Lowe v. Fla. Dep't of Corr*, 679 F. App'x 756, 759 (11th Cir. 2017) (denying equitable tolling where petitioner failed to show diligence).

For all of the reasons discussed above, the undersigned concludes that Gainey's federal habeas petition is untimely and should be dismissed.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 8, be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Rex Dewayne Gainey*, Okaloosa County Circuit Court Case No. 2015-CF-1955, be **DISMISSED WITH PREJUDICE** as time-barred.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 27th day of January, 2022.

                                      /s/ *Michael J. Frank*
                                      **Michael J. Frank**
                                      **United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**